488 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Norton v. Public Service Production Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CHARLES NORTON, PETITIONER, v. PUBLIC SERVICE
PRODUCTION COMPANY, A CORPORATION OF NEW
JERSEY, RESPONDENT.

**Injury to Employe Caused by Falling on Back—Some Conflict in Testimony, but Accident Clearly Occurred, and Judgment For the Petitioner.**

On determination.

For the petitioner, *David Roskein.*

For the respondent, *James O. Boyd.*

From the evidence submitted, it appears that the petitioner, on May 18th, 1925, while tightening a bolt while in the course of his employment, slipped and fell backwards on a float on which he was working, sustaining injuries to his back. Petitioner was compelled to cease work immediately and was lowered down by ropes to the ground, where he was treated by the respondent's physician, Dr. James H. Lowrey. Dr. Lowrey strapped the petitioner with adhesive, and petitioner thereupon returned to light work in the respondent's employ on June 5th, 1925.

It appears that the petitioner's strapping was reinforced from time to time by respondent's physicians, and some time in December was ordered to wear a pelvic belt which respondent furnished.

The petitioner is a man of good physical appearance and impresses me very favorably, and I find no sign of malingering. The testimony of the petitioner and of his several physicians show an injury to the lumbar-sacral region and both sides of the cervical dorsal region.

The testimony of Dr. Henry H. Kessler, who examined the petitioner on January 12th, 1926, bears out the testimony of the petitioner's witnesses, and it indicates to me that the

injuries complained of are not separate and distinct injuries, but was a continuous injury originally extending from the lumbar-sacral region to the cervical dorsal region. The testimony of Dr. Lowrey, who treated the petitioner on the day of the accident for the respondent, diagnosed the condition as a sprain of the lumbar region, mostly on the left side, and from the strapping done by him it would indicate that the injuries were of a general nature. The medical witnesses for the respondent admit that he has some permanent disability in the right sacrum region over the right sacro-iliac joint. The only difference in testimony is that the petitioner now complains of injuries over the right sacrum, whereas, originally, he complained of pain in the lumbar region, mostly on the left side. From the testimony, it would appear that the original injury was a general injury and not a localized one, which is now settled more definitely in the right sacral region. There is no history of any intervening accident, and from the testimony of medical witnesses and the petitioner himself I am of the opinion that the petitioner has sustained the burden by the preponderance of evidence in his favor.

I do therefore find and determine from the evidence as follows:

1. That Charles Norton was on May 18th, 1925, in the employ of the Public Service Production Company, the respondent herein.

2. That the petitioner, on May 18th, 1925, met with an accident arising out of and in the course of his employment; that intoxication was not the proximate cause, nor was the said injury intentionally self-inflicted.

3. That the respondent had knowledge of the said accident, and the petitioner at the time thereof was earning $66 per week as wages.

4. As a result of said accident the petitioner was injured and sustained injuries to his back, which are of a permanent nature, and because of the injuries aforementioned the petitioner has sustained an impairment equivalent to fifteen per cent. of total permanent disability.

490 NEW JERSEY MISCELLANEOUS REPORTS.

I, therefore, order the respondent to pay the said petitioner compensation at the rate of $17 per week beginning June 5th, 1925, for a period of seventy-five weeks.

I do further order the respondent to pay David Roskein, Esquire, attorney for the petitioner, the sum of $150 as counsel fee for services rendered and incurred in connection with the formal hearing of the within matter.

<div align="right">

HARRY J. GOAS,
*Deputy Commissioner.*